

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-25-2008

# Drakes v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4135

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Drakes v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1536.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1536

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-4135
_____

DEON PATRICK DRAKES,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A41-929-596)
Immigration Judge:  Honorable Grace A. Sease

_____
Submitted Pursuant to Third Circuit LAR 34.1(a)
FEBRUARY 12, 2008

Before:  SLOVITER, BARRY AND GREENBERG, CIRCUIT JUDGES.

(Opinion filed February 25, 2008)
_____

OPINION
_____

PER CURIAM

Deon Patrick Drakes petitions for review of a decision by the Board of

Immigration Appeals ("BIA") denying his appeal.  The government has filed a motion to

dismiss the petition for lack of jurisdiction.  We will grant the government's motion and

will dismiss in part for lack of jurisdiction, and will otherwise deny the petition.

Drakes, a native and citizen of Guyana, entered the United States in 1988 as a legal permanent resident. In 2004, Drakes pleaded guilty to attempted criminal possession of a controlled substance in the third degree with intent to sell. The government instituted removal proceedings against him for being convicted of a controlled substance offense in violation of INA § 237(a)(2)(B)(i) and of an aggravated felony in violation of INA § 237(a)(2)(A)(iii). At a hearing before an Immigration Judge ("IJ"), Drakes conceded that he was not a citizen of the U.S., that he was admitted as a legal permanent resident, and that he was convicted of attempted criminal possession of crack cocaine with intent to sell, in violation of New York State Penal Law 220.16(01). (See A.R. 44, 84.) He challenged his removal by contending that his conviction for an attempt offense could not constitute an aggravated felony. The IJ disagreed and found that the conviction qualified as an aggravated felony, that he was removable as charged, and that, because of the aggravated felony, he did not qualify for cancellation of removal under INA § 240A.

Drakes filed an appeal, but a single member of the Board of Immigration Appeals ("BIA") summarily affirmed the IJ's decision on March 16, 2006. Drakes filed a petition for review and a motion to stay his removal in the Court of Appeals for the Second Circuit. The removal proceedings transpired in Pennsylvania, so the Second Circuit consolidated it with another petition Drakes had filed[1] and transferred them to this Court.

_____

[1] Drakes also filed a petition for writ of habeas corpus in the District Court for the Southern District of New York in the fall of 2005, while his removal proceedings were pending before the immigration court. It was transferred to the Court of Appeals for the

2

<u>See</u> INA § 242(b)(2).  The government filed a motion to dismiss the petition for lack of jurisdiction because Drakes has been convicted of an aggravated felony.[2]

Although the government is correct that we lack jurisdiction to review an order of removal based on an aggravated felony, we nonetheless have jurisdiction to consider "constitutional claims or questions of law" in a petition for review.  <u>See</u> INA § 242(a)(2)(D).  Here, Drakes presents several legal arguments: that his conviction does not qualify as an aggravated felony, that his counsel provided ineffective assistance, and that he is eligible for cancellation of removal.  We have jurisdiction to determine the legal question of whether Drakes' conviction qualifies as an aggravated felony.  <u>See</u> <u>Tran v. Gonzales</u>, 414 F.3d 464, 467 (3d Cir. 2005).  We examine the question of whether an offense qualifies as an aggravated felony de novo.  <u>See</u> <u>Valansi v. Ashcroft</u>, 278 F.3d 203, 207 (3d Cir. 2002).  If Drakes' conviction qualifies, then he is ineligible for cancellation of removal.  <u>See</u> INA § 240A(a)(3).

---

Second Circuit as a petition for review in February 2006, and then consolidated and transferred to this Court.  The government filed a motion to dismiss that portion of the petition for review, and we granted the motion insofar as it dismissed that part.  <u>See</u> <u>Drakes v. Attorney General of the United States</u>, C.A. No. 4135 (order entered on August 17, 2007).  The Second Circuit also transferred Drakes' motion to stay removal, which we denied on December 7, 2006.

[2]  The government also moved to dismiss Drakes' petition for review because it was not timely filed.  In its brief, the government stated that it "will no longer contest jurisdiction in this case" with respect to whether Drakes' petition was timely filed.  (<u>See</u> Resp.'s Br. at 3.)  We are still obligated to confirm that the petition was timely for our own jurisdiction.  On this record, we are satisfied that the petition was timely filed.

We agree with the BIA that Drakes' conviction qualifies as an aggravated felony. A state drug conviction may be found to qualify as an aggravated felony under either of two routes. Wilson v. Ashcroft, 350 F.3d 377, 381 (3d Cir. 2003). Under the "illicit trafficking in any controlled substance" approach, the offense constitutes an aggravated felony if it requires "trafficking" and the state deems its commission to be a felony. Id. Under the "hypothetical federal felony" approach, an offense is an aggravated felony when "regardless of categorization [by the state], [it] would be punishable as a felony under an analogous federal statute." Id.

We need not address the first approach because Drakes' conviction qualifies as a "hypothetical federal felony." Using the "hypothetical federal felony" analysis, the court examines whether a state drug conviction would have been punishable as a felony under the Controlled Substances Act ("CSA"). See Lopez v. Gonzales, – U.S. –, –, 127 S. Ct. 625, 633 (2006); Gerbier v. Holmes, 280 F.3d 297, 313-15 (3d Cir. 2002). At hearings before the IJ, Drakes admitted the government's charge that he was convicted of "Attempted Criminal Possession of a Controlled Substance in the Third Degree with Intent to Sell, to wit: Crack Cocaine; in violation of Section 110/220.16 (01) of the New York State Penal Law," a Class C felony under N.Y. Penal Law § 110.05(4). (See A.R. 28, 44, 84.)[3] The analogous federal offense punishable under the CSA would be

---

[3]  The state's "Certificate of Disposition Indictment" submitted to DHS reflects that Drakes was convicted of "Attempted Criminal Possession of a Controlled Substance in the 3rd Degree, PL 110-220.16  01 CF (Dangerous Drug)." (See A.R. 77.)

4

attempted possession of a controlled substance with intent to distribute, 21 U.S.C. §§ 841(a), 846, a felony. See Lopez, 127 S. Ct. at 630 n.4, 631 n.7; 21 U.S.C. § 841(b)(1)(C). The CSA proscribes "any person [to] knowingly or intentionally . . . possess with intent to manufacture, distribute, or dispense, a controlled substance." 21 U.S.C. § 841(a)(1). The CSA also provides that attempted offenses under section 841 are subject to "the same penalties as those prescribed by the offense, the commission of which was the object of the attempt or conspiracy." 21 U.S.C. § 846. According to the "hypothetical federal felony" analysis, the conviction qualifies as an aggravated felony, and Drakes is therefore ineligible for cancellation of removal. See INA § 240A(a)(3).

Finally, we address the claim that Drakes' attorney rendered ineffective assistance in his representation of Drakes on the state criminal claims. As the BIA noted, Drakes raised only a bare-bones claim, and failed to articulate exactly how counsel failed to adequately represent him. See, e.g., Matter of Lozada, 19 I&N Dec. 637 (BIA 1988). Moreover, as the BIA pointed out, the claim essentially attacks Drakes' underlying criminal conviction, and immigration courts lack the authority to "go behind" the criminal judgment to re-assess guilt or innocence.

For these reasons, we agree with the government that we lack jurisdiction over any claims barred from review under INA § 242(a)(2)(C). See 8 U.S.C. § 1252(a)(2)(C); Valansi, 278 F.3d at 207. We grant the government's motion to dismiss and will dismiss the petition for review in part. To the extent that the petition for review raises any legal

5

questions over which we retain jurisdiction, the petition will be denied.  The

government's remaining motion to dismiss on timeliness grounds is denied.